IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS A. YON, | ) | CASE NO. 5:18 CV 0358 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of plaintiff Douglas A. Yon for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6]

---

[1] ECF No. 22. The parties have consented to my jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF No. 7.
[6] ECF No. 12.

orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in oral argument.[10]

## Facts

**A.  Background facts and decision of the Administrative Law Judge ("ALJ")**

Yon, who was 52 years old at the time of the hearing,[11] had obtained his GED.[12] His past relevant work experience included: food delivery driver; electrician helper; machine operator; and painter.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Yon had severe impairments consisting of: low back pain; rotator cuff tear of the right shoulder; degenerative joint disease of the right hip; depression; anxiety; borderline intellectual functioning; and drug addiction.[14]

The ALJ found that Yon had the residual functional capacity ("RFC") for light work as defined in the regulations, with some additional limitations.[15] The ALJ decided that this RFC precluded Yon from performing his past relevant work.[16]

---

[7] ECF No. 17 (Commissioner's brief); ECF Nos. 15, 19 (Yon's briefs).
[8] ECF No. 17, Attachment 1 (Commissioner's charts); ECF No. 15, Attachment 1 (Yon's charts).
[9] ECF No. 14.
[10] ECF No. 21.
[11] ECF No. 14 (fact sheet).
[12] *Id.*
[13] *Id.*
[14] ECF No. 11, Transcript ("Tr.") at 14.
[15] *Id.* at 16.
[16] *Id.* at 20.

Based on the testimony of the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Yon could perform.[17] The ALJ, therefore, found Yon not under a disability.[18]

**B.     Issues on judicial review**

Yon asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Yon presents the following issues for judicial review:

- Whether the ALJ properly considered the medical opinions offered by the Commissioner's psychological consultants.

- Whether the ALJ's Step Five finding that Yon could work as a housekeeping cleaner, sales attendant, and mail clerk is supported by substantial evidence.

For the reasons set forth below, I find the ALJ's no disability finding must be reversed and this matter remanded for further administrative proceedings consistent with this opinion.

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[17] *Id.* at 21.
[18] *Id.* at 22.

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of legal principles**

The case presents two issues for decision:

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

- The ALJ limited Yon to frequent interactions with coworkers and the public. The state agency reviewing sources, whose opinions the ALJ gave great weight, limited him to occasional and superficial interactions. The ALJ did not explain why he adopted the lesser limitations despite the weight given to the state agency reviewing sources' opinions. Is this reversible error?

- The ALJ limited Yon to occasional handling and reaching overhead with his right upper extremity. In response to the hypothetical including those limitations, the VE identified jobs that under the DOT required frequent reaching overhead and handling with both upper extremities. Given the Commissioner's burden of proof at Step Five, does the finding of a significant number of jobs in the national economy that Yon can perform have the support of substantial evidence?

At Step Four, the ALJ discussed a consulting examiner's opinion that noted Yon had "no limitations socially."[22] The ALJ apparently followed this opinion at Step Three, finding mild restrictions in social functioning.[23] The ALJ gave the consulting examiner's opinion great weight, finding it consistent with the medical record evidence.[24] But the ALJ does not explain why he chose to follow the consulting examiner's opinion over that of the state agency reviewers' opinions regarding Yon's social limitations, which he also found to be consistent with the medical record evidence and which he also assigned great weight.[25] Further, the state agency reviewing sources' opinions post-date that of the consulting examiner, and the consulting examiner's opinion is acknowledged as part of the record that the state agency sources reviewed in forming their opinions.[26]

---

[22] Tr. at 19.
[23] *Id.* at 15.
[24] *Id.* at 19.
[25] *Id.* at 19-20.
[26] *Id.* at 77-112, 115-44.

Counsel argues that this violates Social Security Ruling ("SSR") 96-8p. As the agency's own interpretation of the regulations makes plain, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[27] There is no question the ALJ complied with the first part of Social Security Ruling 96-8p; it is the second part that is missing here. Compounding this error is the rationale the ALJ gave for giving great weight to the consulting examiner's opinion and the state agency sources' opinions were consistency with the evidence. The ALJ must always build a logical bridge from the evidence to his conclusions,[28] and that did not happen here. This constitutes error necessitating a remand. But this does not suggest that substantial evidence to support the RFC does not exist or that the ALJ cannot articulate reasons for favoring the consulting examiner's opinion over that of the state agency reviewing sources. This is a remand for proper articulation.

As to the second issue, I need not reach it. But on remand, the ALJ should question the VE about whether a limitation to the dominant hand only will support the finding that a significant number of jobs in the national economy exist that Yon can perform under the *Dictionary of Occupational Titles*.

---

[27] SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING 96-8P, POLICY INTERPRETATION RULING TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, at *7 (July 2, 1996) ("SSR 96-8p").
[28] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).

## Conclusion

The finding of the Commissioner that Yon had no disability lacks substantial evidence. Accordingly, the decision of the Commissioner denying Yon disability insurance benefits and supplemental security income is reversed and remanded for further administrative proceedings. On remand, the ALJ must properly articulate the reasons for crediting the consulting examiner's opinions regarding Yon's social limitations over the later state agency reviewing sources' opinions. In addition, the ALJ should question the VE about the impact a dominant hand only limitation has on the finding that a significant number of jobs in the national economy exist that Yon can perform.

IT IS SO ORDERED.

Dated: November 28, 2018          s/ William H. Baughman, Jr.
                                               United States Magistrate Judge